People v Hayes (2025 NY Slip Op 50719(U))

[*1]

People v Hayes

2025 NY Slip Op 50719(U)

Decided on May 5, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 5, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Tyrone Hayes, Defendant.

CR-001177-25NY

Alvin L. Bragg, Jr., District Attorney, New York County (Sydney Taylor of counsel), for plaintiff. 
Harlan Greenberg, New York City, for defendant.

Ilona B. Coleman, J.

In his omnibus motion, Mr. Hayes moves for an order granting a bill of particulars (CPL 200.95, 100.45 [4]); suppressing a noticed statement as unconstitutionally obtained (People v Huntley, 15 NY2d [1965], Dunaway v New York, 442 US200 [1978]); precluding the People from introducing any unnoticed statements or identifications at trial (CPL 710.30 [3]); and precluding the People from introducing evidence of prior bad acts at trial (People v Sandoval, 34 NY2d 371 [1974]; People v Molineux, 168 NY 264 [1901]). 
The motion for a bill of particulars is denied. There is no indication that defense counsel requested a bill of particulars from the People. Unless the defendant files such a demand and the People either refuse to comply or fail to do so in a timely manner, the court has no statutory authority to consider such a motion (CPL 200.95 [5]). Mr. Hayes also did not indicate in his motion what information he is requesting from the prosecution, and as such the court cannot determine whether "the items of factual information requested are authorized to be included in a bill of particulars, and that such information is necessary to enable the defendant adequately to prepare or conduct his defense" (id.). 
Next, the motion to suppress the noticed statement is granted to the extent that a Huntley/Dunaway hearing will be conducted before trial. The parties' allegations create a factual dispute that must be resolved at an evidentiary hearing (see CPL 710.60 [4]). 
Next, the motions to preclude unnoticed statement and identification evidence and to preclude evidence of prior bad acts are referred to the trial court. As Mr. Hayes was arraigned on February 19, 2025, the People should already have performed their initial discovery obligations (see CPL 245.10 [1] [a] [ii]). If they have not, they are ordered to do so as soon as practicable. The People are also directed to provide supplemental discovery to the defense as [*2]soon as practicable and at least fifteen calendar days prior to the first scheduled trial date (CPL 245.20 [3]; CPL 245.10 [1] [b]). 
This constitutes the decision and order of the court.
Dated: May 5, 2025
New York, NY
Ilona B. Coleman, J.C.C.